```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                      3:97CV261-P
                    (C-CR90-85-01-P)
```

| | | |
|---|---|---|
| **CECIL JACKSON,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|     v. | ) | <u>ORDER</u> |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the petitioner's "Motion For Relief From 'Void Judgement' Pursuant to Rule 60(b)(4) Of Fed.R.Civ.P.," filed February 23, 2004. For the reasons stated herein, the instant Motion will be <u>dismissed</u>.

According to pertinent Court records, on October 12, 1990, a jury convicted the petitioner of numerous violations of the federal laws prohibiting the use and carrying of firearms during and in relation to drug trafficking crimes, and the possession and distribution of controlled substances. On November 26, 1990, the Court sentenced the petitioner to a term of life plus 145 years imprisonment.

On February 25, 1992, the Fourth Circuit Court of Appeals affirmed the petitioner's convictions and sentences on all but the conspiracy charge. As to that charge, the Court concluded, in light of the petitioner's conviction and sentence for engaging in a Continuing Criminal Enterprise, that the conspiracy

conviction and sentence had to be vacated. Consequent-ly, the appellate Court remanded the case to this Court with instruction that the petitioner's conspiracy conviction and sentence be vacated. On April 28, 1992, this Court entered an Order vacating the petitioner's conspiracy conviction and sentence. All other aspects of the petitioner's case remained the same.

Then, on October 7, 1993, the Court of Appeals affirmed this Court's amended Judgment against the petitioner. The petitioner did not seek certiorari review for that decision, consequently, the petitioner's convictions and sentences became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA" hereafter), that is, before April 24, 1996.

The AEDPA requires, among other things, that petitioners bring their Motions to Vacate within one-year of the time that their convictions and sentences become final. In cases such as the instant one, where a petitioner's convictions and sentences became final prior to the enactment of the AEDPA, such petitioner is required to bring his Motion to Vacate within one year of the AEDPA's enactment date, i.e., no later than April 24, 1997. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

In any event, the petitioner did not file his Motion to Vacate under 28 U.S.C. §2255 until May 2, 1997. However, on June 2, 1997, the petitioner filed a Motion to Dismiss his Motion to Vacate, without prejudice. Not surprisingly, by an Order filed

June 4, 1997, the Court granted the petitioner's Motion to Dismiss. However, the petitioner's Motion to Vacate was dismissed <u>with prejudice</u>. It is at the Court's June 1997 Order and Judgment of Dismissal that the instant Motion for Relief takes aim.

More particularly, by the petitioner's Motion For Relief--filed nearly seven years after the Court's Order and Judgment of Dismissal--the petitioner contends that the Court lacked jurisdiction to dismiss his Motion to Vacate with prejudice. According to the petitioner, once he filed his Motion to Dismiss under Fed.R.Civ.P. 41(a)(1), his case was terminated and the Court lacked the authority to consider any other grounds upon which it could base a dismissal with prejudice. Notwithstanding his obvious belief to the contrary, the Court finds that the petitioner cannot prevail on the instant Motion for Relief.

First of all, Motions such as this, which are made pursuant to Fed.R.Civ.P. 60(b)(4), must be brought "within a reasonable time . . . ." The Court finds that the petitioner's 6 3/4 year delay was excessive. Thus, in light of the petitioner's failure even to offer an explanation for such delay, the Court finds that the instant Motion for Relief is subject to dismissal as untimely filed.

Second, even if the instant Motion had been timely filed, the same still would have been subject to dismissal for lack of merit. Indeed, the Court's records reflect that the petitioner

filed his Motion to Vacate <u>after</u> the expiration of his one-year limitations period as imposed by the AEDPA. Thus, consistent with its standard policy, the petitioner's Motion to Vacate certainly would have been dismissed as time-barred in any case. To put it another way, inasmuch as the Court could have, upon its initial review of that matter, entered an Order dismissing the petitioner's Motion to Vacate with prejudice as untimely filed, the petitioner cannot demonstrate that the Court's June 1997 should be set aside as void.

Based upon the foregoing, then, the petitioner's Motion for Relief is hereby **DISMISSED**.

    **SO ORDERED.**

**Signed: September 29, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge