**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CV261-1-MU
3:90CR85-1**

| | |
|---|---|
| CECIL JACKSON, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
|        V. | ) |
| | )      <u>O R D E R</u> |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Respondent. | ) |
| | ) |

**THIS MATTER** comes before the Court on Petitioner's Motion for Relief Pursuant to All Writs Act § 1651 and/or Federal Rules of Civil Procedure Rule 60(b)(4) and (6), and Petitioner's Motion to Reconsider Under Rule 59(e) of the Federal Rules of Civil Procedure. The Motion for Relief was filed December 20, 2004, and the Motion to Reconsider was filed October 31, 2005.

On April 23, 1997, Petitioner filed a Motion to Vacate his sentence under 28 U.S.C § 2255, one day before the statute of limitations under AEDPA expired.[1] Petitioner subsequently filed a motion to dismiss his § 2255 action under Federal Rule of Civil Procedure Rule 41(a)(1), which allows plaintiffs to voluntarily dismiss their suits without prejudice. On June 4, 1997, this Court filed an Order dismissing Petitioner's action with prejudice. This Order advised Petitioner that to file another

---

[1]See *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998), setting forth the deadline of April 24, 1997, for all habeas claims brought by Petitioners whose state court proceedings concluded before April 24, 1996.

action pursuant to 28 U.S.C. § 2255 would require leave of the Fourth Circuit Court of Appeals.

Almost seven years later, on February 3, 2004, Petitioner filed a Motion for Relief from a Void Judgment under Rule 60 of the Federal Rules of Civil Procedure. Petitioner argued that the Order dismissing his suit with prejudice was a void judgment, because he had voluntarily dismissed the suit under Federal Rule 41(a)(1). On September 29, 2005, this Court dismissed Petitioner's Motion as untimely filed, emphasizing the extraordinarily long interval between the dismissal of the § 2255 action and the Motion for Relief. On October 31, 2005, Petitioner filed a Motion pursuant to Rule 59(e), asking this Court to reconsider its September 29, 2005 Order denying Petitioner's Rule 60(b) Motion.

Meanwhile, on December 20, 2004, Petitioner filed the other Motion considered here, the Motion for Relief Pursuant to the All Writs Act § 1651 and/or Federal Rules of Civil Procedure Rule 60 (b)(4)and (6), which also asks that the 1997 Order dismissing his action with prejudice be vacated.

Both of these Motions ask this Court to find that the 1997 Order which dismissed his § 2255 claim with prejudice is void, because Petitioner voluntarily withdrew his action under Rule 41 (a)(1), which states that dismissals are without prejudice if the action is voluntarily withdrawn before the opposing party has answered.

Even if this Court were to amend the Order to reflect Petitioner's voluntary dismissal of the action, Petitioner lost the ability to file any § 2255 claims the day after he filed his first, as the statute of limitations expired. 28 U.S.C. § 2255. Petitioner voluntarily withdrew his Motion to Vacate after the statute of limitations expired; therefore, he lost his claim, and cannot raise another.

Petitioner suggests that "as a result of the 1997 Order being imposed without warning or notice, petitioner is now entitled to have his § 2255 considered on the merits" (Mot. to Reconsider, p. 10). This assertion is incorrect. Had the 1997 Order done just what the Petitioner demands, that is, dismiss his action without prejudice, his § 2255 action still would have been dismissed. He did not ask for dismissal until after the statute of limitations expired. Therefore, had Petitioner received exactly what he requested, he would have lost his claim and been unable to raise any others.

Even holding the 1997 Order void in its entirety would not change this. Petitioner asserts: "Under Rule 41(a)(1) when a plaintiff files a notice of dismissal before the adverse party files an 'answer,' the dismissal is available as a matter of unconditional right and is self executing and effective at the moment it is filed and no judicial approval is required" (Motion to Reconsider, p. 4). Petitioner's Motion to Dismiss was filed June 2, 1997. Had this Court allowed Petitioner's claim to terminate by itself, then, his § 2255 action would have been dismissed at that time, before the contested Order was ever written. As this occurred after the statute of limitations expired, any § 2255 Motion filed by Petitioner would be untimely.

Petitioner believes that the Order responding to his voluntary dismissal should have been without prejudice; however, because Petitioner dismissed his own action after the statute of limitations expired, prejudice is irrelevant. The Order dismissing with prejudice only duplicated the result that Petitioner had already achieved for himself.

Petitioner must have been aware that the statute of limitations had run when he asked that his case be dismissed, as he worked to get the claim in just before the deadline. Petitioner of his own volition filed the Motion to Dismiss the

3

action after the statute expired.  This Court's dismissal of the claim with prejudice may have been a technical error; however, no harm came to the Petitioner through this error.  Petitioner had already created for himself whatever harm he believes the 1997 Order to have caused him.

Petitioner asks this Court to invalidate the Order under 28 U.S.C. § 1651, the All Writs Act.  The United States Supreme Court has stated that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  *Carlisle v. United States*, 517 U.S. 416, 429 (1996).  The All Writs Act, then, is inappropriate in the instant setting.

Petitioner also asks this Court to consider the Supreme Court's holding in *Castro v. United States*, 540 U.S. 375 (2003).  This Court first notes that *Castro* was decided in 2003, and neither the Fourth Circuit Court of Appeals nor the Supreme Court has suggested the holding of *Castro* is retroactive.  A close look at Petitioner's argument reveals that Petitioner's belief in *Castro's* retroactivity stems from a misreading of the case.[2]

However, even if *Castro* were universally retroactive, it would not aid Petitioner in his claim.  In *Castro*, the Supreme Court held that a district court must provide pro se litigants with notice and warning that it intends to construe a filing as a § 2255 motion.  If this notice is not provided, such

---

[2]The Supreme Court addressed the issue of whether its 2003 holding would "un-characterize" Castro's 1994 re-characterized motion.  The Court noted that supervisory "determinations normally apply, like other judicial decisions, retroactively, at least to the case in which the determination was made." *Castro* at 788.  This holding made *Castro* retroactively applicable to Castro, but its retroactivity as to others is yet undecided.

recharacterization cannot be counted as a § 2255 motion for purposes of the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Castro* at 793.

Petitioner's situation does not raise *Castro* concerns because, even if the district court did erroneously recharacterize Petitioner's Motion, this occurred after the statute of limitations passed, rendering the mistake harmless. This mistake did not create any procedural hurdles that were not already there by virtue of the statute of limitations. Therefore *Castro* is inapplicable.

Finally, Petitioner asks this Court to invalidate the Order of June 3, 1997, pursuant to the Federal Rules of Civil Procedure, Rule 60(b). Petitioner urges this Court to use Rule 60(b)(4) because it does not have the "reasonable time" limitation of the other provisions. Rule 60(b)(4) allows a Court to invalidate a "void judgment." A judgment may be void either for lack of jurisdiction, or on due process grounds. See *Wendt v. Leonard*, 431 F.3d 410 (4th Cir. 2005).

Petitioner claims that the Order of June 3, 1997 is void under Rule 60 because this Court had no jurisdiction over his claim once he filed his notice of dismissal under Rule 41. Petitioner cites numerous cases in support of his assertion that a Rule 41(a)(1) voluntary dismissal is "a matter of unconditional right running to the plaintiff and may not be extinguished or circumscribed by the adversary or the court ... There is not even a perfunctory Order of the court closing the file." *American Cyanide v. McGhee*, 317 F.3d 293, 295 (5th Cir. 1963). Petitioner also notes that a voluntary dismissal "strips a court of jurisdiction in the sense that it terminates the case all by itself." *Szabo Food Service v. Canteen Corp.*, 823 F.2d 1073, 1078 (7th Cir. 1987).

Petitioner's argument does not change the fact that he voluntarily withdrew his claim after the statute of limitations had run.  Petitioner requests that he be relieved from "the operation of the judgment's restrictions on filing a § 2255 only upon authorization from the Fourth Circuit Court of Appeals." (Pet. Mot. for Relief Pur. to All Writs Act, p. 3).  This Court again notes that the Order of June 3 did not cause any harm to Petitioner that a voluntary dismissal had not already caused.  Had Petitioner's voluntary dismissal simply been noted by this Court, without an assertion of jurisdiction nor judgment attaching a preclusive effect, Petitioner's claim would have been dismissed and he would not have been able to raise a brand new § 2255, as this Court has discussed above.  Therefore, "relief from operation of the judgment" would have no effect on the restrictions and hurdles that Petitioner faces as a result of the statute of limitations.

Signed: August 21, 2006

Graham C. Mullen
United States District Judge