**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CV261-P
(C-CR90-85-01-P)**

| | |
|---|---|
| **CECIL JACKSON,** ) | |
|     **Petitioner,** ) | |
| ) | |
|     v. ) | <u>**ORDER**</u> |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     **Respondent.** ) | |
| _____ ) | |

    **THIS MATTER** comes before the Court on remand from the Fourth Circuit Court of Appeals.

    The record of this matter reflects that on October 12, 1990, the petitioner was convicted of numerous violations of the federal laws prohibiting the use and carrying of firearms during and in relation to drug trafficking crimes, and the possession and distribution of controlled substances. On November 26, 1990, the Court sentenced the petitioner to a term of life plus 145 years imprisonment. The petitioner timely appealed his case.

    On February 25, 1992, the Fourth Circuit Court of Appeals affirmed the petitioner's convictions and sentences on all but the conspiracy charge. As to that charge, the Circuit Court concluded, in light of the petitioner's conviction and sentence for engaging in a Continuing Criminal Enterprise, that his conspiracy conviction and sentence had to be vacated. Thus, the petitioner's case was remanded with instructions.

On remand, this Court entered an Order on April 28, 1992, vacating the petitioner's conspiracy conviction and sentence. All other aspects of the Court's original Judgment remained the same. Consequently, on October 7, 1993, the Court of Appeals affirmed this Court's amended Judgment against the petitioner. The petitioner did not seek certiorari review for that decision; thus, his convictions and sentences became final in January 1994--that is, prior to the enactment of the Antiterrorism and Effective Death Penalty Act on April 24, 1996 ("the AEDPA" hereafter).

In any event, on May 2, 1997, the petitioner filed his Motion to Vacate. However, on June 2, 1997, the petitioner filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 41(a)(1)(i), seeking to voluntarily dismiss his case before the filing of any response by the government. On June 4, 1997, the Court granted the petitioner's Motion to Dismiss, but dismissed the case with prejudice.

Approximately seven years later on February 23, 2004, the petitioner filed a "Motion For Relief From 'Void Judgment' Pursuant To Rule 60(b)(4) Of Fed. R.Civ.P.." By that Motion, the petitioner argued that his Motion to Dismiss was effective to terminate his case without prejudice upon its receipt by the Court; therefore, the Court lacked the authority to enter the dismissal with prejudice. By Order filed September 29, 2005,

this Court denied petitioner's Rule 60(b) Motion on the ground that such motion was not brought within a reasonable time, and because the petitioner's 1997 Motion to Vacate had been untimely filed. The petitioner timely appealed that Order to the Circuit Court.

On appeal, the Circuit Court determined that this Court had erred, both in entering the dismissal of petitioner's Motion to Vacate with prejudice, and in denying his Rule 60(b) Motion for relief from such Order of dismissal. Accordingly, by Order filed October 11, 2007, the Court of Appeals remanded this case with instructions that this Court grant the petitioner's Rule 60(b) Motion, and vacate its Order by which it dismissed the Motion to Vacate with prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The petitioner's Motion for Relief from Judgment pursuant to Rule 60(b)(4) (Document # 8) is **GRANTED**;

2. The Court's Order dismissing the petitioner's Motion to Vacate with prejudice (document # 5), filed June 4, 1997 is **VACATED**;

3. The petitioner's Motion to Dismiss pursuant to Rule 41(a)(1)(i) (document # 4) is **GRANTED**; and

4. The petitioner's Motion to Vacate (document # 1), filed May 2, 1997 is **DISMISSED without prejudice.**

**SO ORDERED.**

Signed: October 17, 2007

Graham C. Mullen
United States District Judge