IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CV261-MU
(C-CR90-85-01-P)


CECIL JACKSON,                    )
    Petitioner,                  )
                                 )
     v.                         )            **ORDER**
                                 )
UNITED STATES OF AMERICA,         )
    Respondent.                  )
_____)


**THIS MATTER** comes before the Court on Petitioner's Motion for Relief from Order Granting Dismissal without Prejudice Pursuant to Fed.R.Civ.Proc. Rule 59(e) and/or Rule 60(b), filed November 5, 2007 (document # 23).

As was recounted in this Court's Order of October 19, 2007, (document # 21), a jury convicted Petitioner of several federal drug trafficking and firearms offenses on October 12, 1990. On November 26, 1990, this Court sentenced Petitioner to a term of life plus 145 years imprisonment. Petitioner timely appealed his case, and on February 25, 1992, the Fourth Circuit Court of Appeals affirmed his convictions and sentences on all but the conspiracy charge under 21 U.S.C. 846. Specifically, the Circuit Court concluded that the conspiracy conviction and sentence had to be vacated since that offense essentially was a lesser included offense of the continuing criminal enterprise conviction which Petitioner also had sustained. Thus, on remand on April 28,

1992, this Court entered an Order vacating Petitioner's conspiracy conviction and sentence. However, all other aspects of this Court's original Judgment remained the same. On October 7, 1993, the Fourth Circuit affirmed Petitioner's convictions and sentences. Further, Petitioner did not seek certiorari review for that decision; therefore, his convictions and sentences became final on or about January 5,1994--that is, prior to the enactment of the Antiterrorism and Effective Death Penalty Act on April 24, 1996 ("the AEDPA" hereafter).

Thereafter, on May 2, 1997, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. However, on June 2, 1997, prior to the time that Respondent filed a response, Petitioner filed a document captioned as a Motion to Dismiss Pursuant to Rule 41(a)(1) by which, notwithstanding its caption, Petitioner actually was giving notice of his voluntary dismissal of the Motion to Vacate without prejudice. Nevertheless, on June 4, 1997, this Court erroneously construed Petitioner's de facto notice of dismissal as it was captioned, i.e.,a Motion to Dismiss, and granted said Motion with prejudice.

Approximately seven years later on February 23, 2004, Petitioner filed a "Motion For Relief From 'Void Judgment' Pursuant To Rule 60(b)(4) Of Fed. R.Civ.P." arguing that his Motion to Dismiss actually was effective to terminate his case without prejudice upon this Court's receipt of it; therefore, the Court

lacked the authority to enter the dismissal with prejudice. However, by Order filed September 29, 2005, this Court denied Petitioner's Rule 60(b) Motion on the grounds that such Rule 60(b) Motion was untimely filed, and because the Motion was futile since Petitioner's May 1997 Motion to Vacate was untimely filed and, therefore, subject to dismissal with prejudice in any case.

Petitioner appealed that Order to the Circuit Court and was granted relief. That is, by Mandate effective October 9, 2007, the Circuit Court vacated this Court's Order denying Petitioner's Rule 60(b)(4) motion, and remanded the case for further proceedings. The Circuit Court agreed with Petitioner and reasoned that his Motion to Dismiss was the functional equivalent of a notice of dismissal which took affect upon this Court's receipt of it. Therefore, the Circuit Court directed this Court to enter an Order granting Petitioner's Rule 60(b)(4) Motion, vacate its June 1997 Order, and dismiss Petitioner's Motion to Vacate without prejudice pursuant to his Motion for Voluntary dismissal under Rule 41(a)(1). Consequently, on October 19, 2007, this Court entered an Order consistent with that mandate.

Now, Petitioner has returned on the instant Motion for Relief from the Order dismissing his Motion to Vacate without prejudice. Petitioner asks this Court "to determine whether under the facts presented in this case, Rule 41(a)(1) of the

Federal Rules of Civil Procedure should have been used to dismiss Petitioner's timely filed § 2255, even if requested by the Petitioner, when at the time of request and dismissal prejudice would have attached."   That is, Petitioner contends that notwithstanding his voluntary dismissal under Rule 41(a)(1), this Court either should not have dismissed his case or should have given him notice that such dismissal could have precluded his ability to pursue collateral review in the future due to the one-year limitation period set forth under the Antiterrorism and Effective Death Penalty Act of 1996.   Petitioner's ultimate goal, therefore, is to have his untimely filed Motion to Vacate reinstated and considered on its merits.

Contrary to Petitioner's view, however, his initial question must be answered in the negative –- this Court had no authority to fail to enter the dismissal of his case, nor was it required to give Petitioner notice of the consequences of his decision before entering said dismissal.   Indeed, as the Fourth Circuit made clear in its Order reversing this Court's denial of Petitioner's Rule 60(b)(4) Motion, Petitioner's "motion for dismissal under Rule 41(a)(1)(I) ended [his <u>habeas</u>] case when it was filed"; therefore, this Court had no discretion in granting or denying  such Motion.   Rather, as Petitioner states in his current Motion, a dismissal which is noticed under Rule 41(a)(1) is effectuated upon notice of the plaintiff "'without order of the

court . . . .'" (Pet. Motion for Rel., document # 23, 8), quoting
Fed.R.Civ.P. 41(a)(1). Therefore, despite the fact that Peti-
tioner erroneously captioned his document as a "Motion," it
actually was a notice of his dismissal of his § 2255 Motion and,
equally critically, it took effect upon this Court's receipt of
it. Similarly, because this Court lacked authority to consider
whether or not to enter a judgment of dismissal in response to
Petitioner's Motion, it also was not required to advise Petition-
er of the consequences of his decision. To be sure, movants are
entitled to make such decisions at their own peril. Nor did the
Court's Order somehow mislead Petitioner into believing that he
would be allowed to re-file his Motion to Vacate inasmuch as this
Court, albeit erroneously, ordered that dismissal with prejudice.

Thus, Petitioner's reliance upon United States v. Patterson
211 F.3d 928, 931 (5th Cir. 2000) (tolling the one-year limita-
tions period for a re-filed motion to vacate after the petitioner
unintentionally was misled by the district court into believing
that upon dismissing his timely filed motion without prejudice,
he would be allowed to re-file that motion at a later date) is
misplaced. Unlike here, the Patterson case involved a motion to
vacate which timely was filed in the first place and to which the
Court mistakenly sugggested that a later deadline could be
applied.

Nor is Petitioner's position strengthened by his reliance

upon the case of <u>United States v. Flores</u>, 135 F.3d 1000 (5th Cir. 1998), which case merely announced the Fifth Circuit's adoption of the principle that for convictions which became final prior to the passage of the AEDPA, the one-year limitations deadline would be construed as running for one year from AEDPA's enactment on April 24, 1996. Indeed, Petitioner's failure to have filed his Motion to Vacate until May 2, 1997, renders the <u>Flores</u> decision inconsequential in this case.

Likewise, the Fourth Circuit's decision in <u>United States v. Emmanuel</u> 288 F.3d 644 (4th Cir. 2000) also is inapposite because this Court did not re-characterize some uncaptioned or different-ly captioned pleading as a Motion to Vacate without Petitioner's consent. On the contrary, Petitioner has maintained throughout these proceedings that the document which he filed on May 2, 1997 is a Motion to Vacate. Once again, therefore, the facts in this case are distinguishable from those in <u>Emmanuel</u>.

Moreover, while the Court did commit error in treating Petitioner's <u>de facto</u> notice of dismissal as a motion to dismiss and in granting such motion with prejudice, that error now has been corrected. Equally critically, that error does not now somehow entitle Petitioner to have his <u>habeas</u> case re-instated on the legally baseless ground that this Court failed to give him prior notice of its decision to dismiss his case with prejudice instead of without prejudice.

Last, inasmuch as Petitioner has not attempted to offer any basis for the equitable tolling of the time which he delayed in filing his Motion to Vacate in the first place, such delay cannot be tolled.  Indeed, Petitioner has been aware, at least since this Court's October 2007 Order, that the Court perceived his Motion to Vacate as time-barred.  Likewise, he obviously is aware of the possibility for equitable tolling as he has pointed this Court to the Fifth Circuit's <u>Patterson</u> case wherein equitable tolling was applied.  Nevertheless, Petitioner mistakenly focused his efforts on the events which took place <u>after</u> his Motion to Vacate untimely was filed, not on matters which occurred prior to that filing.  In sum, therefore, Petitioner has failed to establish an entitlement to any further relief under Rule 60(b).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Petitioner's Motion for Relief From Order Granting Dismissal without Prejudice Pursuant to Rule 59(e) and/or Rule 60(b) is **DENIED.**

**SO ORDERED.**

Signed: January 22, 2009

Graham C. Mullen
United States District Judge